UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

**CARPENTERS & JOINERS WELFARE FUND, TWIN CITY CARPENTERS PENSION FUND, TWIN CITY CARPENTERS APPRENTICESHIP FUND, NATIONAL APPRENTICESHIP TRAINING FUND, TWIN CITY CARPENTERS VACATION FUND TRUSTS,**

Plaintiffs,

vs.

**H & W CONSTRUCTION SERVICES, INC. and GEORGE WINGE, individually,**

Defendants.

Civil No. 01-CV-1146 DDA/SRN

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT**

This matter was heard before the undersigned on the 29th day of October, 2001. Jacqueline Beaulieu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on July 16, 2001.

2. Defendants H & W Construction Services, Inc. and Gerald Winge were personally served with the Complaint on July 31, 2001

3. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide,



FILED OCT 29 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD OCT 29 2001
DEPUTY CLERK

among other things, pension, vacation, and health and welfare benefits to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

4. Defendants accepted and agreed to be bound by a Collective Bargaining Agreement (CBA) with the Lakes and Plains Regional Council of Carpenters and Joiners. The CBA obligates Defendant, as an employer, to submit fringe benefit reports and contributions in accordance with the agreement.

5. Plaintiff Funds performed an audit of Defendant's records to determine compliance with the collective bargaining agreement for the period March, 2001 through June, 2001.

8. Plaintiffs found $8,452.09 owing for fringe benefit contributions pursuant to the audit of Defendant's records for the period March, 2001 through June, 2001.

9. The bargaining agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions.

10. Defendants owe $845.21 in liquidated damages pursuant to the audit of Defendant's records for the period March, 2001 through June, 2001.

11. The bargaining agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

12. The reasonable attorney fees and costs associated with this action are $1,495.60 as identified in the affidavit of Plaintiffs counsel.

**CONCLUSIONS OF LAW**

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendants owe Plaintiffs $9,297.30 for amounts found to be due pursuant to the audit of Defendant's records for the period March, 2001 through June, 2001 for fringe benefit contributions and liquidated damages.

3. Defendants owe Plaintiffs attorney's fees and costs in the amount of $1,495.60.

**ORDER**

**IT IS ORDERED: THAT JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANTS H & W CONSTRUCTION SERVICES, INC. AND GERALD WINGE AS FOLLOWS:**

1. That Plaintiffs' motion for default judgment is granted.

2. That Judgment be entered in favor of Plaintiff fringe benefit funds collectively in the amount of $10,792.90;

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 29, 2001

BY THE COURT

Donald D. Alsop
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.